UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MEGHAN ELIZABETH ANTONETTI** | * | **CIVIL ACTION NO. 2:16-cv-13448** |
| **Versus** | * | **JUDGE IVAN L.R. LEMELLE** |
| **BOURBON 735, LLC, 735 BOURBON STREET, LTD., IPS PROPERTIES, LLC, CLUB 735 BOURBON, LLC AND DÉJÀ VU SHOWGIRLS OF NEW ORLEANS, LLC** | *<br><br>*<br><br>* | **MAGISTRATE JUDGE DANIEL E. KNOWLES, III** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Bourbon 735, LLC ("Bourbon 735") submits this memorandum in support of its motion for summary judgment to dismiss Plaintiff's personal injury claims against Bourbon 735 under Rule 56 of the Federal Rules of Civil Procedure.[1] There is no dispute that Plaintiff was employed by Bourbon 735 at the time of her alleged incident—a fact that Plaintiff appears to admit in her petition.[2] Because Bourbon 735 was her employer, Plaintiff's tort claims against Bourbon 735 are barred by the Louisiana Workers' Compensation Act ("LWCA"). In fact, Plaintiff has been receiving worker's compensation benefits since July 16, 2015.[3] Moreover, Plaintiff's claims against Bourbon 735 are not subject to the LWCA exception for intentional

---

[1] As outlined in Bourbon 735's Notice of Removal [R. Doc. 1], Bourbon 735 is the only properly-joined defendant in Plaintiff's petition. Undersigned counsel also represents Defendant Déjà Vu Showgirls of New Orleans, LLC, however, Déjà Vu Showgirls of New Orleans, LLC is improperly joined and should be dismissed for that reason.

[2] *See* R. Doc. 1-1 at ¶ 9.

[3] *See* LWCC Claims Payment Report attached as Exhibit 1; Declaration of Lisa Huffty, dated September 7, 2016 attached as Exhibit 2.

torts because her petition falls well short of meeting the "extremely high" burden of establishing an intentional tort under Louisiana law.[4] Accordingly, Plaintiff's tort claims against Bourbon 735 should be dismissed.

## I. BACKGROUND

Plaintiff's lawsuit arises out of injuries she allegedly sustained in an accident that occurred while she was "training on aerial silks" at the Lucky Pierre's night club located at 735 Bourbon Street in New Orleans, Louisiana on or about July 4, 2015. R. Doc. 1-1 at ¶ 10. At the time of the alleged accident, the Lucky Pierre's night club was operated by Bourbon 735.[5] At the time of the alleged accident, Plaintiff was employed by Bourbon 735 and practicing her "aerial silks" while in the course and scope of her employment for Bourbon 735.[6] Indeed, Plaintiff alleges in her petition that she was employed by Bourbon 735 and that the "accident occurred during the course and scope of plaintiff's employment . . . ." R. Doc. 1-1 at ¶¶ 9, 15. Plaintiff's federal W-2 wage document lists Bourbon 735 as her employer.[7] Plaintiff is actually receiving worker's compensation benefits for the injuries alleged in her petition that have been paid on behalf of her employer, Bourbon 735.[8]

### LAW AND ARGUMENT

#### a. Summary Judgment Standard

This Court has summarized the summary judgment standard of Federal Rules of Civil Procedure Rule 56 as follows:

---

[4] *Wilson v. Kirby Corp.*, 2012 WL 1565415, at *2 (E.D. La. 2012).
[5] *See* Supplemental Declaration of Jason Mohney, dated September 12, 2015 attached as Exhibit 3.
[6] *See* Supplemental Declaration of Jason Mohney; Declaration of Angie Swank, dated September 13, 2016 attached as Exhibit 4.
[7] *See* Declaration of Angie Swank.
[8] *See* Declaration of Lisa Huffty.

> Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party."

*Corey Mayfield v. Unum Life Ins. Co. of Am.*, No. CV 15-5553, 2016 WL 4261771, at *1 (E.D. La. Aug. 12, 2016).

Here, Plaintiff's petition and the record evidence demonstrate that Plaintiff was employed by Bourbon 735 at the time of her alleged accident. Thus, there is no dispute as to that material fact. Based on this evidence, Plaintiff's tort claims against Bourbon 735 are barred by the LWCA and should be dismissed.

### b. Plaintiff's Tort Claims against Bourbon 735, LLC Are Barred by the LWCA.

Louisiana Revised Statutes § 23:1032 of the LWCA states:

> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, **shall be exclusive of all other rights, remedies, and claims for damages**, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, **as against his employer**, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

La. R.S. § 23:1032(A)(1)(a) (emphasis added). Louisiana courts have held that, under the LWCA, an employee is barred from suing his or her employer in tort for an employment-related

injury.  *See Pearson v. IHOP*, 2010 WL 971798, at *3 (E.D. La. 2010).  The exclusive remedy provision also extends to and shields, "any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine."  La. R.S. § 23:1032(A)(1)(b).  Thus, Plaintiff cannot plead around the exclusive remedy provision by joining other individual or entities whose relationship with Plaintiff is via Bourbon 735.

Here, the record evidence demonstrates that Plaintiff was employed by Bourbon 735.  Plaintiff's federal W-2 wage document lists Bourbon 735 as her employer.  Plaintiff is actually receiving worker's compensation benefits for the injuries alleged in her petition, which benefits are being paid by or on behalf of Bourbon 735.  Therefore, under Louisiana law, Plaintiff cannot maintain a tort action against Bourbon 735, because the LWCA is Plaintiff's exclusive remedy for the injuries alleged in her petition, which occurred in the scope of her employment with Bourbon 735.

### c. Plaintiff Cannot Meet Her Burden to Demonstrate an Entitlement to the Intentional Act Exception to the Exclusive Remedy Provision.

The LWCA contains an exception to the general bar against tort claims for intentional torts, but Plaintiff's allegations do not meet the extremely high standard for that exception.  Subsection B to La. R.S. § 23:1032 makes an exception for liability resulting from "an intentional act."  In paragraph 17 of her petition, Plaintiff anticipates Bourbon 735's defense under the LWCA and attempts to take advantage of § 23:1032(B) by alleging as follows:

> To the extent that one or more defendant(s) assert the exclusive remedy provisions of the *Louisiana Workers Compensation Act, La. R.S. 23:1020.1* as a bar to recovery for the damages of the plaintiff, then plaintiff further asserts that any such defendants are liable for the damages of plaintiff due to their **intentional act(s)** resulting in plaintiff's injuries.

R. Doc. 1-1 at ¶ 17 (emphasis added).  Plaintiff's bare and conclusory allegation of "intentional act(s)" falls well short of Louisiana's strict standard for pleading an intentional tort.

To fall with the exception, it is the plaintiff's burden to "prove that the person who acted either (1) consciously desired the physical results of his act or (2) knew that that result was substantially certain to follow from his conduct."  *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618, 621 (La. 1984) (citing *Bazley v. Tortorich*, 397 S.o.2d 475 (La. 1981).  "Substantially certain to follow" means more than a reasonable probability that the injury will occur and 'certain' has been defined to mean inevitable or incapable of failing."  *Reeves v. Structural Preservation Systems*, 731 So.2d 208, 213 (La. 1999) (internal quotations omitted) (quoting *Jasmin v. HNV Cent. Riverfront Corp.*, 94-1497 (La. App. 4 Cir. 8/30/94), 642 So. 2d 311, 312, *writ denied,* 94-2445 (La. 12/9/94), 647 So. 2d 1110).

> Our courts have held that allegations of failure to provide a safe place to work, deficiently designed machinery and disregard of OSHA safety provisions, failure to correct unsafe working conditions, and failure to provide specifically requested safety equipment are not sufficient to invoke the intentional act exception of Revised Statute 23:1032(B) absent proof (or in the case of summary judgment, disputed issues of fact) of either defendant's desire to harm plaintiff or defendant's knowledge that his conduct would nearly inevitably cause injury to plaintiff.

*Labbe v. Chem. Waste Mgmt., Inc.*, 1999-1562 (La. App. 3 Cir. 3/29/00), 756 So. 2d 613, 617, *writ denied*, 2000-1211 (La. 6/23/00), 765 So. 2d 1040 (quoting *Ponthier v. Brown's Manufacturing, Inc.*, 671 So.2d 1253, 1256-57 (La. App. 3 Cir. 1996)).  Thus, Plaintiff's allegation that she requested but was not provided with safety equipment clearly fails to allege a circumstance with the exception to the exclusive remedy provision.  R. Doc. 1-1 at ¶ 13.

Additionally, Plaintiff's conclusory allegations are inadequate to set forth an intentional act. In *Wilson v. Kirby Corp.*, this Court held that similar conclusory allegations by a plaintiff did not sufficiently demonstrate an "intentional" act that would supersede the employer's

statutory immunization from tort claims.  2012 WL 1565415 at *1 (E.D. La. 2012) (plaintiff alleging that defendant "[o]rder[ed] employees to engage in dangerous and hazardous employment activity, knowing that ham to Plaintiff was substantially certain to follow . . .").  This Court noted that "the standard for prevailing on a claim of intentional tort under Louisiana law is **extremely high**."  2012 WL 1565415 at *2 (emphasis added).   In *Wilson*, the defendant was immunized against plaintiff's tort claims by the federal Longshore and Harbor Worker's Compensation Act ("LHWCA"), which, like the LWCA, contains an exception for intentional tort.  *Id.* (noting the LHWCA exception was carved out via caselaw).  The plaintiff was injured at a barge maintenance facility when he attempted to remove a heated rod at the instruction of a supervisor employed by T.T. Coatings, Inc. ("T.T. Coatings").  The plaintiff attempted to state an intentional tort claim against T.T. Coatings to avoid the statutory immunization of his tort claim, however, the court rejected the claim.  The court noted that:

> Both federal courts and Louisiana courts agree that there must be a substantial certainty that a party will suffer harm to prevail on a claim of intentional tort. Under Louisiana law, an allegation that an employer 'knew or should have known' that an employee's injuries were substantially certain to follow is not a talisman which, by mere recital, can convert mere allegations into a credible claim of a valid intentional tort against an employer.

*Id.* (citations omitted).  The court further held that, **"[e]ven knowledge of a high degree of probability that injury will occur is insufficient** to establish that the employer was substantially certain that injury would occur so as to impute intent to him within the intentional tort exception to the worker's compensation statute exclusive remedy provisions."  *Id.* (citing *Faridina v. Ecolab, Inc.*, 593 So.2d 936 (La. App. 4th Cir. 1992) (emphasis added).

Applying these standards to the plaintiff's intentional tort claim against T.T. Coatings, the *Wilson* Court held that:

> Although plaintiff alleged specific facts with respect to the method being utilized to remove the rod from the shaft, **plaintiff has not pleaded any specific facts with respect to his employer's intent**; he simply alleged that employees were ordered 'to engage in a dangerous and hazardous employment activity, knowing that harm to Plaintiff was substantially certain to follow an intentional Tort under Louisiana law.' Plaintiff's allegations are mere '**naked assertions devoid of further factual enhancement** . . . plaintiff's allegations are insufficient to state a claim for intentional tort under either federal law or Louisiana law."

*Id.* at *3 (emphasis added). In addition, the court also denied plaintiff's request to amend, stating that, "[h]aving reviewed the record and the law, the Court concludes that any amendment in this case would be futile." *Id.*

Like the plaintiff's inadequate intentional tort claim in *Wilson*, here Plaintiff's threadbare assertion that "defendants are liable for the damages of plaintiff due to their intentional act(s) resulting in plaintiff's injuries" is woefully insufficient to satisfy Louisiana's "extremely high" standard for intentional tort claims. R. Doc. 1-1 at ¶ 17. Plaintiff does not allege **any** specific facts, whatsoever, regarding Bourbon 735's intent. Rather, Plaintiff in the present case has presented nothing more than "naked assertions devoid of any further factual enhancement" in paragraph 17 of the petition. *Wilson*, 2012 WL 1565415 at *3. Plaintiff's mere recital of the intentional tort exception cannot convert Plaintiff's "mere allegations into a credible claim of a valid intentional tort against" Bourbon 735. *Id.* at *2. Accordingly, Plaintiff cannot maintain an intentional tort claim against Bourbon 735.

Moreover, considering the allegations in the petition, any amendment to Plaintiff's petition would be futile in addressing an intentional tort claim. Even if Plaintiff has alleged or could allege facts that show that Bourbon 735 had "knowledge of a high degree of certainty" that Plaintiff would be injured during her alleged work "training on aerial silks,"[9] which is denied,

---

[9] *See* R. Doc. 1-1 at ¶ 10.

such knowledge is still insufficient to establish an intentional tort claim because it cannot establish the substantial certainty needed to impute intent to Bourbon 735. *Wilson*, 2012 WL 1565415 at *2. Without pleading facts demonstrating intent, Plaintiff cannot maintain an intentional tort claim. Plaintiff has not and cannot do so. Accordingly, this Court should dismiss Plaintiff's claims without permitting leave to amend.

## II.   CONCLUSION

It is undisputed that Plaintiff was employed by Bourbon 735, LLC at the time of her alleged accident. The LWCA bars Plaintiff's tort claims against Bourbon 735, LLC as her employer. Plaintiff's bare allegation of an intentional tort is devoid of any specific factual support and does not meet Louisiana's "extremely high" burden of establishing an intentional tort. Accordingly, Plaintiff's claims are not subject to any exception to the LWCA. Plaintiff has, therefore, no tort claim against Bourbon 735, LLC and Plaintiff's claims against Bourbon 735, LLC should be dismissed, with prejudice.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER #19589
DEBRA J. FISCHMAN #5578
**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street - 28th Floor
New Orleans, LA 70112
Telephone: 504-299-2100
Facsimile: 504-299-2300
jgarner@shergarner.com
dfischman@shergarner.com
**ATTORNEYS FOR BOURBON 735, LLC AND DÉJÀ VU SHOWGIRLS OF NEW ORLEANS, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2016, a copy of the above and foregoing has been filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ James M. Garner
JAMES M. GARNER