## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MEGHAN ELIZABETH ANTONETTI                    CIVIL ACTION

VERSUS                                        NO. 16-13448

BOURBON 735, LLC, ET AL.                      SECTION "B"(3)


### ORDER AND REASONS

Before the Court is Meghan Elizabeth Antonetti's ("Antonetti" or "Plaintiff") motion to remand. Rec. Doc. 6. Defendant Bourbon 735, LLC ("Bourbon LLC") filed a memorandum in opposition (Rec. Doc. 8) and Plaintiff filed a reply (Rec. Doc. 14). About three weeks after Plaintiff filed her motion to remand, Bourbon LLC filed a motion for summary judgment. Rec. Doc. 16. A week later, on September 29, 2016, Plaintiff filed a motion to stay the motion for summary judgment, pending the outcome of her motion to remand. Rec. Doc. 17. Plaintiff simultaneously filed a motion to expedite her motion to stay. Rec. Doc. 18. Thus, also before the Court are Plaintiff's motions to stay the motion for summary judgment and expedite hearing. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand is **GRANTED** and the matter **REMANDED**.

**IT IS FURTHER ORDERED** that the motions for summary judgment, to stay, and expedite hearing are **DISMISSED AS MOOT**.

1

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of injuries sustained by Plaintiff while employed as a bartender at Lucky Pierre's nightclub located at 735 Bourbon Street, New Orleans, Louisiana. Rec. Doc. 1-1 at ¶ 9. On July 4, 2015, while under the supervision of Tress Turner and Michael Abrahm, Plaintiff "was training on aerial silks constructed and affixed to the interior ceiling of the Lucky Pierre's nightclub, without any safety netting or crash mats . . . ." *Id.* at ¶¶ 10, 12. After Plaintiff allegedly warned Tress Turner, Michael Abrahm, and "Jason" several times about the need for safety equipment, and was assured that such equipment would be installed, Plaintiff fell to the ground and sustained injuries while training on the aerial silks. *Id.* at ¶¶ 13-14.

In a petition filed on June 7, 2016 with the Civil District Court, Plaintiff named Bourbon LLC, 735 Bourbon Street, Ltd. ("Bourbon Ltd."), Club 735 Bourbon, LLC ("Club LLC"), IPS Properties, LLC ("IPS"), and Déjà Vu Showgirls of New Orleans, LLC ("Déjà Vu Showgirls") as defendants. *Id.* at ¶¶ 2-6. Plaintiff further stated that "she began her employment with Bourbon LLC or other named entity(ies) . . ." (*id.* at ¶ 9) and that the accident was "proximately caused by defendants . . ." (*id.* at ¶ 15).

In its "Notice of Removal" filed July 29, 2016, Bourbon LLC asserted diversity jurisdiction. Rec. Doc. 1 at 1.

## II.  <u>THE PARTIES' CONTENTIONS</u>

In its notice of removal, Bourbon LLC alleged that it was the only properly-joined defendant and therefore did not need the consent of the other four improperly-joined defendants to remove the action to federal court. Rec. Doc. 1 at ¶ 12. It also alleged that the amount in controversy exceeded $75,000, based on Plaintiff's description of her injuries and a workers' compensation claims payment report that listed Plaintiff's medical expenses at approximately $108,340.27. *Id.* at ¶ 11.[1] To support its contention that none of the other four defendants were properly joined, Bourbon LLC relies on the declaration of Jason Mohney, the sole member of Bourbon LLC, which states that none of them employed Plaintiff or owned or operated Lucky Pierre's Club. *Id.* at ¶ 10 (citing Rec. Doc. 1-4).[2] Instead, Bourbon LLC states that

---

[1] Bourbon LLC cited to Plaintiff's petition, which stated that she suffered "severe and debilitating injuries including: an epidural hematoma, subdural hematoma, concussion, C5 vertebral fracture, distal radius fracture, radial styloid fractures, loss of memory, slurred speech, wrist fractures and other parts of her body, together with past and future mental anguish and physical suffering, past and future disability, past and future expenses for medical care, past and future loss of enjoyment of life; past and future loss of earnings and impaired earning capacity . . . ." Rec. Doc. 1-1 at ¶ 16.
[2] Bourbon LLC does admit that IPS purchased the trademark "Lucky Pierre's" at some time after Plaintiff's accident. Rec. Doc. 1 at ¶ 10. Plaintiff argues that, because there is no evidentiary support for the assertion that IPS is merely the owner of the trademark and has no connection to Plaintiff's accident, it should be disregarded "under the rule finding unsubstantiated arguments of counsel insufficient to create questions of fact in the context of summary judgment motions." Rec. Doc. 6-1 at 14 (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

Plaintiff's W-2 statement lists her employer as "Bourbon 735, LLC." *Id.* (citing Rec. Doc. 1-2).

In her motion to remand, Plaintiff asserts that the notice of removal was defective because not all properly joined and served defendants consented to or joined in the removal. Rec. Doc. 6-1 at 4-6. She further argues that Bourbon LLC cannot show improper joinder, because the other four defendants may be liable under Louisiana negligence law based "upon their status, yet to be determined, as the owner, custodian, lessor, operator or property manager of the building in which Lucky Pierre's is located." *Id.* at 6 (citing La. Civ. Code arts. 2315, 2317.1, 2320, 2322).[3] Furthermore, Plaintiff asserts that the statements made in the

---

[3] Plaintiff later asserts that "Louisiana law recognizes a duty that defendants owed to [her] in their status yet to be determined of employers, or owners or custodians of property, or operators of property or property managers of the building premises." Rec. Doc. 6-1 at 8. In the next few sentences, Plaintiff states that "Defendants, in their status yet to be determined as either the owners or persons having 'custody' and/or the lessors and/or managers of the building premises bearing municipal address 735 Bourbon Street in which Lucky Pierre's operated, have a duty to ensure that the building premises were safe for use." *Id.* at 9. Later, Plaintiff states that she "has a possibility of recovery against the four non-consenting defendants . . . to the extent they are determined to be an agent of an employer, or co-employers, borrowing employers and/or otherwise share employment duties for [Plaintiff], her supervisors and/or other personnel in charge of the building premises or Lucky Pierre's." *Id.* at 10-11. It is unclear what role Plaintiff believes the various defendants played.

Plaintiff also asserts that certain statements in the removal document should be disregarded because they are made "on information and belief." Rec. Doc. 6-1 at 14 (citing *Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827 (1950), *overruled in part on other grounds*). However, the statement cited by Plaintiff, that "on information and belief, 735 Bourbon Street, Ltd. has no connection to Plaintiff's accident," is not dispositive of the arguments being made by Bourbon LLC, particularly in light of the preceding sentences that provide that Bourbon Ltd. did not employ Plaintiff and did not own or operate the Lucky Pierre's club property. Rec. Doc. 1 at 6.

affidavit of Jason Mohney should be disregarded because they lack a foundation[4] and the affidavit fails to negate "all reasonable bases" for Plaintiff's recovery against the four non-consenting defendants. *Id.* at 15-16. Specifically, even though Bourbon LLC asserts that none of the other four defendants employed Plaintiff or owned or operated the club, it does not say anything about "these entities' ownership, operation, management, [or] control . . . of the building premises bearing the municipal address of 735 Bourbon Street within which Lucky Pierre's is located," "their responsibilities, as either owners, custodians, lessors, operators or property managers of the building," "their status as employers of other personnel involved," or "as agents of employers of [Plaintiff] and/or others . . . ." *Id.* at 16.

In its opposition memorandum, Bourbon LLC reiterates that the other four defendants are improperly joined and notes that Plaintiff failed to (1) specify how she may be able to recover against them and (2) explain her good-faith basis for naming the other four defendants in the action. Rec. Doc. 8 at 5-6. Further, Bourbon LLC argues that it has identified the landlord of 735 Bourbon Street, lessee/operator of the club property, and employer of Plaintiff. *Id.* at 7. Specifically, Bourbon LLC relies on an

---

[4] The first paragraph of Jason Mohney's declaration provides "I . . . am competent to attest to the following facts within my personal knowledge" (Rec. Doc. 1-4 at ¶ 1), so the Court gives little weight to Plaintiff's argument that the document lacks a proper foundation.

attached supplemental declaration by Jason Mohney, which provides that Bourbon LLC leased the Lucky Pierre's Club Property, was the only entity that operated or managed the property at the time Plaintiff was allegedly injured, and employed Plaintiff. Rec. Doc. 8-1 at ¶¶ 4-7.[5] Bourbon LLC also attached a copy of the lease agreement, which provides that 735 B ST NOLA, LLC is the lessor/landlord. Rec. Doc. 8-2 at 4.

In her reply memorandum, Plaintiff recognizes that she has not yet had an opportunity to conduct discovery, such that she cannot more particularly identify the roles each of the other four defendants played. Rec. Doc. 14 at 3.[6] Plaintiff argues that conducting discovery before this Court has ruled on her motion to remand may amount to a waiver of her right to seek remand. *Id.* at 3 (citing *Harris v. Edward Hyman Co.*, 669 F.2d 943 (5th Cir. 1981); *Johnson v. Helmericc & Payne, Inc.*, 892 F.2d 422 (5th Cir. 1990)). Again, Plaintiff asserts that both of the supplemental declarations offered by Bourbon LLC lack a proper foundation and fail to negate all reasonable bases upon which Plaintiff could recover from the other four defendants. *Id.* at 5.

With regard to the citizenship of each of the parties:

---

[5] It further provides that Bourbon Ltd., Club LLC, IPS, and Déjà vu Showgirls did not employ Plaintiff or own, lease, or operate the property at the time Plaintiff was allegedly injured. Rec. Doc. 8-1 at ¶¶ 8-11.
[6] Even without an opportunity for discovery, though, the Court recognizes that Plaintiff could have explained why she decided to name these four defendants in her petition, given that they do not appear on her W-2 statements or the lease agreement.

- Bourbon LLC asserts that **Plaintiff** is either a citizen of Missouri or Illinois. Rec. Doc. 1 at ¶ 6.[7]

- **Bourbon LLC** has a single member, Jason Mohney, who is a citizen of Nevada. *Id.* at ¶ 7.

- Bourbon LLC stated that the citizenship of **Bourbon Ltd.** was unknown, but that the Louisiana Secretary of State's website listed a Texas domicile address. *Id.* at ¶ 10. Plaintiff, however, noted that "the same document also shows an address in New Orleans for its general partner." Rec. Doc. 6-1 at 17.

- Bourbon LLC stated the citizenship of **Club LLC** was unknown, but that the Louisiana Secretary of State's website listed it as "inactive." Rec. Doc. 1 at ¶ 10. Bourbon LLC states that a defendant is improperly joined if that defendant is a dissolved company, but it does not assert that Club LLC was dissolved. *Id.* Plaintiff asserts that World Beat, Inc., which has a Louisiana address, is listed as a member of Club LLC and as the general partner of Bourbon Ltd. Rec. Doc. 6-1 at 5.

- Bourbon LLC stated that **IPS** is an LLC with a single member, who is a Louisiana citizen. Rec. Doc. 1 at n. 14.

---

[7] Bourbon LLC relies on Plaintiff's federal W-2 wage statement, which lists an Illinois address, and Plaintiff's driver's license, which is from Missouri, both of which were attached to Bourbon LLC's notice of removal as attachments. Rec. Doc. 1 at ¶ 6.

- Bourbon LLC stated that **Déjà vu Showgirls** is an LLC with six members and is therefore a citizen of Nevada, Washington, California, and Florida. *Id.* at n. 15.

### III. <u>LAW AND ANALYSIS</u>

Under 28 U.S.C. § 1332, this Court may exercise original jurisdiction where the matter in controversy exceeds $75,000 "and is between— (1) citizens of different States." Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, a civil action that is removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). To properly remove an action to federal court under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Further, § 1447(c) provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004). There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). A plaintiff is unable to establish a cause of action against the non-diverse party if "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Further, "the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law" is generally to conduct a Rule 12(b)(6)-type analysis, "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* However, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its

9

discretion, pierce the pleadings and conduct a summary inquiry." *Id.* However, "the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal," which "would make little sense . . . at the early stages of a case when improper joinder usually arises as the plaintiff typically will have had little opportunity to conduct discovery . . . ." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis*, 326 F.3d at 650 n. 3).

Nevertheless, the district court "must also take into account all unchallenged factual allegations . . . in the light most favorable to the plaintiff" and "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the non-moving party's] favor." *Travis*, 326 F.3d at 649 (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-702 (5th Cir. 1999)).

Under the Louisiana Civil Code, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315 (2001). Furthermore, "[t]he owner or custodian" of a thing and the owner of a building may be liable for damage occasioned by its ruin, vice, or defect, (LA. CIV. CODE arts. 2317.1, 2322 (1996)), and "[m]asters and employers are answerable for the damage occasioned by their servants and overseers," (LA. CIV. CODE art. 2320 (1996)), under appropriate circumstances.

Here, Plaintiff's Petition names the five defendants, states that Bourbon LLC was Plaintiff's employer, and, reading the Petition in the light most favorable to Plaintiff, generally alleges that these entities may have also been Plaintiff's employer but were, in any case, the proximate cause of Plaintiff's injuries. *See* Rec. Doc. 1-1 at ¶¶ 9, 15. Plaintiff's Petition therefore provides that Bourbon LLC was Plaintiff's employer, but fails to specifically allege any definitive relationship between Plaintiff and the other four defendants. Consequently, because Plaintiff "omitted discrete facts that would determine the propriety of joinder" (*Travis*, 326 F.3d at 646-47), this Court pierced the pleadings and took into account the additional evidence provided by Bourbon LLC regarding Plaintiff's employment, the ownership and management of the club, and the ownership of the building in which the club was located (Rec. Docs. 1-4, 8-1, 8-2).

After reviewing all of the additional evidence submitted by Bourbon LLC, it was not conclusively established that the other four defendants did not have employees at the club, have some involvement in the aerial silks training, have responsibilities regarding the repair or maintenance of the aerial silks training equipment, or serve as property manager or custodian of the club property.

Even though Plaintiff argues that she "set forth facts that demonstrated that defendants owed her a duty" (Rec. Doc. 14 at 2)

and that she "included facts in her Petition" that "named the defendants as employers, owners, custodians, operators, property managers, and/or agents of any of these actors" (*id.* at 2-3), this Court finds these statements to be a generous representation of Plaintiff's petition. At best, Plaintiff *alleged* that the four non-consenting defendants *may* be liable because they *may* be such actors. A review of the evidence submitted by Bourbon LLC establishes that the other four defendants were not Plaintiff's employer, did not own or operate the club, and did not lease the property to Bourbon LLC. *See* Rec. Docs. 1-4, 8-1, 8-2. However, the declarations submitted by Jason Mohney and Angie Swank (Rec. Docs. 8-1, 8-2) did not conclusively establish that the other four defendants were not employers, agents of employers, or borrowing employers of other personnel at the club, property managers or custodians of the club property, or custodians of the aerial silks training equipment. In other words, Bourbon LLC did not "demonstrate that there is no possibility of recovery" against the other four defendants. *Travis*, 326, F.3d at 646-47.

Bourbon LLC cites to *Wilson v. Kirby Corp.*, No. 12-80, 2012 WL 1565415 (E.D. La. 2012), where this Court determined that a non-diverse defendant was improperly joined. In *Wilson*, this Court relied on evidence that the non-diverse defendants had no employees at the facility in which the accident occurred, had no involvement in the work being done at the time, did not own, maintain, operate,

12

or repair any equipment involved in the plaintiff's injury, did not own, operate, or control the facility in which the plaintiff alleged he was injured, did not employ the plaintiff, and did not have a parent-subsidiary relationship with the diverse defendant. *Id.* at *4. Here, as already explained, there is no evidence that the other four defendants did not have employees on the club property, had no involvement in the aerial silks training, did not own, maintain, operate, or repair the training equipment, or that they do not have a parent-subsidiary relationship with Bourbon LLC.

Consequently, based on the facts alleged by Plaintiff, the applicable state law, the jurisprudence, and the "heavy burden" placed on Bourbon LLC, this Court finds that Bourbon LLC failed to prove that the other four defendants were improperly joined. Because there is evidence to believe that at least one of the other four defendants, namely IPS, is a Louisiana citizen, thereby defeating diversity jurisdiction, and because the other four defendants did not join in or consent to the removal, this action should be remanded to state court. *See* 28 U.S.C. §§ 1441(b)(2), 1446(b)(2)(A).

## IV. <u>CONCLUSION</u>

For the reasons outlined above,

**IT IS ORDERED** that the motion to remand (Rec. Doc. 6) is **GRANTED** and the matter **REMANDED.**

13

**IT IS FURTHER ORDERED** that the motions for summary judgment (Rec. Doc. 16), to stay (Rec. Doc. 17), and to expedite hearing (Rec. Doc. 18) are **DISMISSED AS MOOT.**

New Orleans, Louisiana, this 7th day of October, 2016.

SENIOR UNITED STATES DISTRICT JUDGE